CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 2 1 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ATLANTIC COAST PRODUCE, INC., et al. ) | |
| Plaintiffs ) | Civil Action No. 5:04CV00015 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| McDONALD FARMS, INC., et al. ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

This is an action pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), in which plaintiffs claim they are the beneficiaries of a statutory trust created by PACA. The matter is before the court on plaintiffs' motion for resolution of objections to certain PACA trust claims. Plaintiffs Atlantic Coast Produce, Inc., G. Cefalu & Bro., Inc., J.C. Banana & Co., Lambright Brokerage Company, Edward G. Rahll & Sons, Inc., Tony Vitrano Company, W. Deemer Class & Son, Parade Produce, Inc., Tamburo, Inc., and Bruce Hanshaw, d/b/a Hanshaw Sales (the "moving plaintiffs"), object to the claims of plaintiffs Mullen Marketing, LLC and Santanna Banana Co. The moving plaintiffs argue that Mullen Marketing and Santanna Banana failed to properly preserve their PACA trust rights. The court finds that Mullen Marketing and Santanna Banana have properly preserved their rights and denies the moving plaintiffs' objections.[1]

---

[1] Mullen Marketing has filed objections to the claim of plaintiff W. Deemer Class & Sons for $275 in returned check fees and to the claim of Parade Produce. The first objection requires the court to consider whether returned check fees are "sums owing in connection with" the transaction under section 499e(c)(2). At least one court has found that because the parties did not contract for the returned-check fee, this charge was not "in connection with" the transaction under section 499e(c)(2). See Fishgold v. Onbank & Trust Co., 43 F. Supp. 2d 346, 350 (W.D.N.Y. 1999). The court declines to adopt such a narrow reading of the statute, and holds that fees for checks returned to the buyer as a result of insufficient funds are "sums owing in connection with" the transaction.

# I.

Under PACA, an unpaid supplier of perishable agricultural commodities ("produce") must properly preserve its rights either by giving the buyer written notice of its intent to preserve trust benefits within thirty days after payment is due ("the notice method") or by informing the buyer on its billing or invoice statements that the produce is sold subject to the PACA trust provisions ("the invoice method"). 7 U.S.C. § 499e(c)(3)-(4). If a supplier chooses to use the invoice method, PACA requires that the invoice "contain on the face of the statement the following: 'The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.'"

The moving plaintiffs argue that plaintiff Mullen Marketing did not properly preserve its rights because Mullen Marketing's notice to the defendants of its intent to preserve trust rights was untimely and because the required statutory language of section 499e(c)(4) does not appear on Mullen Marketing's invoice, but rather on its Bill of Lading.[2] In addition, the moving plaintiffs argue that Santanna Banana failed to properly preserve its rights under the invoice

---

Mullen Marketing also argues that Parade Produce has not produced invoices for part of its claim. The court notes, however, that Parade Produce has submitted a claim for $57,605.21 and has submitted those unpaid invoices to the court as Exhibit 1 to plaintiffs' Amended Complaint. The court therefore denies Mullen Marketing's objections.

[2]Mullen Marketing does not dispute that its notice was untimely. However, it claims that it properly preserved its rights under the invoice method because it substantially complied with the statute.

2

Case 5:04-cv-00015-SGW-BWC   Document 136   Filed 07/21/05   Page 2 of 4   Pageid#: 1407

method because the required statutory language appears on the back of its invoices, not "on the face" as required by the statute.

## II.

The court finds that Mullen Marketing and Santanna Banana have properly preserved their PACA trust rights and denies the moving plaintiffs' objections. Mullen Marketing properly preserved its rights under the invoice method by providing the required statutory language on its bills of lading. PACA requires that this language appear on its "ordinary and usual billing or invoice statements." While the statute does not define what constitutes "ordinary and usual billing or invoice statements," the Code of Federal Regulations provides that the phrase means "communications customarily used between parties to a transaction in perishable agricultural commodities in whatever form, documentary or electronic, for billing or invoicing purposes." 7 C.F.R. § 46.46(a)(5). Here, when a buyer ordered produce, Mullen Marketing generated a bill of lading containing the statutory language, which it transmitted to the shipper, who physically transported the bill of lading to the buyer along with the produce. The buyer signed the bill of lading as proof that it had received the produce, and Mullen Marketing generated an invoice based on that bill of lading. The court finds, therefore, that the bill of lading was a "communication...used...for billing or invoicing purposes."[3] The purpose of section 499e(c) is to ensure that the buyer is aware that its purchase is subject to the PACA trust provisions. Under

---

[3]The court notes that, under the 1995 amendments, sellers "may use standard invoices or other billing statements to provide notice to the buyer of intent to preserve trust benefits in the event that the payment is late or the payment instrument is not honored. H.R. Rep. No. 104-207, at 9, (1995), reprinted in 1995 U.S.C.C.A.N. 435, 456 (emphasis added).

3

these circumstances, it would be, as Mullen Marketing argues, an elevation of form over substance to find that a legitimate creditor had failed to notify the buyer that the produce was sold subject to PACA's trust provisions. The court finds that Mullen Marketing's bills of lading provide sufficient notice to the buyer to comply with section 499e(c)(4) and to properly preserve its PACA trust rights.

Santanna Banana has not responded to the moving plaintiffs' objections to its trust claims. However, the court finds that its inclusion of the required statutory language on the reverse side of its invoices is sufficient to substantially comply with section 499e(c)(4). The statute requires that the language be contained "on the face" of the billing or invoice statement, thus ensuring that the buyer is aware that its purchase is made subject to PACA's trust provisions. Santanna Banana's invoices contain, on their face, the statement "Shipped Under Current PACA Payment Regulation," and the inscription: "SEE REVERSE SIDE OF INVOICE." The reverse side of the invoice contains the proper statutory language. The court finds that this form of notice is sufficient to comply with the purpose of section 499e(c)(4). Thus, Santanna Banana has properly preserved its PACA trust rights.

### III.

For the reasons stated, the court denies plaintiffs' objections to the PACA trust claims of Mullen Marketing and Santanna Banana. The court also denies Mullen Marketing's objections to the claims of W. Deemer Class & Sons and Parade Produce.

ENTER: This 21f day of July, 2005.

UNITED STATES DISTRICT JUDGE

4